Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
DEC 14 2005
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

"D"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERIC WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　Defendant. | Case No. CV 05-8318-JFW (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT |





## I.  Facts.

On December 2, 2005, Plaintiff, who is currently incarcerated at the California Medical Facility in Vacaville California, filed this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. The Complaint names Jeanne Woodford, Director of the California Department of Corrections, as well as twenty-seven named unnamed corrections officers, who are interspersed in the last five institutions in which Plaintiff has been incarcerated, as defendants.

The complaint consists of two separate claims. In claim one, Plaintiff asserts that on January 20, 2005, while he was incarcerated at the California Men's Facility in San Luis Obispo California, he was involved in a fight with another inmate named Dennison. Both

Plaintiff and Dennison were charged with disciplinary violations and found guilty of mutual combat.[1] Plaintiff now claims that Defendants Enriquez, Brinks and Rocha, the officers who broke up the fight and filed the misconduct report, conspired with and paid inmate Dennison to assault Plaintiff. The corrections officer assigned to investigate the misconduct violation, S. McRoberts, is also accused of conspiring to violate Plaintiff's rights by filing a false investigation report. Two reviewing officers, J.L. Schmidt and R. Grenz, have been named part of the conspiracy to violate Plaintiff's rights as has Director Woodford and Defendant B. Curry in their capacities as supervisors.

In claim two, Plaintiff asserts that the remaining Defendants have engaged in a conspiracy, originating at Department of Corrections Headquarters, to transform him into a homosexual by psychological torture. These tactics involve the use of hand gestures and signals simulating oral sex to harass Plaintiff, spreading rumors about Plaintiff's sexual orientation, subjecting Plaintiff to excessive noise, and paying other inmates to keep Plaintiff awake and to assault him. It should be noted that Plaintiff acknowledges that he is in the California Medical Facility due to a psychiatric impairment.

## II. The Complaint is Dismissed For Failure to State a Claim.

### A. Duty to Screen.

In accordance with the mandate of the Prison Litigation Reform

---

[1] Plaintiff was assessed with a loss of 51 days of work time credits, a lower end punishment, due to his mental health problems.

Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997(e)(1). The Court concludes that the action should be dismissed without service of process.

The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

B. **Respondeat Superior Liability**

To the extent that Plaintiff is attempting to impose liability against Director Woodford and others in their roles as supervisors, the complaint must be dismissed. Supervisory officials are generally not responsible for the conduct of their subordinates on a theory of vicarious liability in civil rights actions brought under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S.

658, 691-92 (1978); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 188 F.3d 1105, 1114 (9th Cir. 1999); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers*, 267 F.3d at 915; *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). No such allegations are made here.

    **C. Claim One, Seeking Money Damages Based Upon the Underlying Facts Giving Rise to the Misconduct Violation, Must Be Dismissed.**

To the extent that Plaintiff is seeking money damages in claim one arising from circumstances forming the basis for the finding of guilt of mutual combat, following the administrative disciplinary hearing, he has failed to state a claim upon which relief may be granted.[2] In order to recover money damages under section 1983 for harm caused by the unlawfulness of actions which would render a disciplinary hearing invalid, a plaintiff must prove that the disciplinary finding has been reversed, expunged or otherwise invalidated. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, there is no evidence that Plaintiff's misconduct violation has been invalidated. Accordingly, he has failed to state a valid claim under § 1983.

---

[2] It should be noted that throughout the disciplinary proceedings, Plaintiff complained only that the correctional officers did not act swiftly enough in stopping the fight. The factual allegations made in claim one are questionable at best.

### D. Claim Two, Relating to the Conspiracy, Must Be Dismissed as Frivolous.

In *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), the Court found that a district court may dismiss a complaint as frivolous when the facts alleged are clearly baseless. This encompasses allegations that are fantastical and delusional. *Id.* at 325, 328; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them". *Id.* The court finds that the allegations of a broad-based conspiracy by Department of Corrections officials to transform Plaintiff, who is being housed in a prison medical facility due to psychiatric impairments, into a homosexual is the type of delusional and fantastic allegation that fails to support a claim for relief.

### E. Leave to Amend Need Not be Given.

In dismissing a complaint for failure to state a claim, a district court must ordinarily grant leave to amend, even if not requested, unless the deficiencies in the pleadings could not possibly be cured by the allegation of other facts. *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Here, the Court finds that the deficiencies in this complaint cannot be cured by the allegation of other facts.

\\
\\
\\

**III. Conclusion**

    For the reasons stated above, this action is dismissed.

Dated: __12/12/05__

_/s/ John F. Walter_
John F. Walter
United States District Judge

Prepared by:

_/s/ Marc L. Goldman_
Marc L. Goldman
United States Magistrate Judge